**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SEAN ROSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-3799-SMY** |
| | ) | |
| **KHOREY J. ANDERTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge**:

Pending before the Court is Plaintiff Sean Rose's Motion for Reconsideration (Doc. 84), in which he seeks reconsideration of the portions of the Court's February 2, 2026 Order granting summary judgment in favor of Defendant Latoya Hughes (Doc. 82). For the following reasons, Plaintiff's motion is **DENIED**.

The Federal Rules of Civil Procedure do not explicitly recognize motions to reconsider. However, in this Circuit, a motion challenging the merits of a district court order is automatically considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.

2006)). Manifest error refers to "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). The Rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

In its February 2, 2026 Order, the Court found Plaintiff had not identified Defendant Hughes by name or description in any of his grievances and that therefore, Plaintiff had failed to exhaust administrative remedies with respect to his claims against Hughes. Plaintiff argues the Court misunderstood his arguments on exhaustion as they related to Hughes. Specifically, Plaintiff asserts he did not name Hughes in his grievances for two reasons. First, because he had been told by the Administrative Review Board ("ARB") that that manner in which an investigation was handled was an administrative decision, and administrative decisions could not be challenged through grievance procedures. Second, because of prior threats and intimidation by Hughes during Defendant Clark's investigation.

Further review of Plaintiff's briefing opposing summary judgment reveals that he raised the above arguments in an unrelated section of his response and in an attached affidavit. There, Plaintiff claims the coercive and threatening tactics used by Defendant Clark were done at the direction of a female supervisor with whom Clark was speaking on the phone during his interviews with Plaintiff. Plaintiff claims he later learned that this female supervisor was Defendant Hughes,[1]

[1] Defendants assert this supervisor was likely non-party Nicole Price, not Defendant Hughes. (Doc. 49 at 3, n.1).

the previous Chief Inspector and current Acting Director of IDOC. Plaintiff further explains that after he was transferred from Big Muddy, he felt he could file grievances against Clark and other defendants stationed there, but feared he was still "within reach" of Hughes, who was by then Acting Director and had final say on grievance appeals.

Because these arguments were included in Plaintiff's response, the Court's conclusion that Plaintiff had conceded his failure to exhaust with respect to Defendant Hughes was the result of oversight. However, because these arguments would not have changed the outcome if they had been properly considered, the oversight was harmless error.

An inmate claiming the grievance process is unavailable because they fear reprisal must demonstrate that a person of "ordinary firmness" would have been deterred from filing a grievance in the circumstances alleged. *Schultz v. Pugh*, 728 F.3d 619, 621 (7th Cir. 2013). Here, Plaintiff offers only a bare assertion that he feared naming Hughes because he believed she had been the supervisor directing Clark to threaten him. None of Plaintiff's grievances mention a supervisor being involved in Clark's interviews with Plaintiff, nor does Plaintiff provide any evidence linking Hughes to Clark's investigation or alleged coercive tactics. Moreover, Plaintiff provides no adequate explanation as to why his fear of retaliation by Hughes would not have prevented him from filing any grievance related to Clark's investigation, given Plaintiff's belief that Hughes had supervised the investigation and personally ordered every coercive tactic used against him. As such, Plaintiff has not established that a person of ordinary firmness would have feared identifying or describing Hughes in his grievances.

Finally, although Plaintiff claims the ARB informed him that the manner in which an investigation was conducted was an administrative decision not subject to grievance procedures, the evidence does not reflect this. Throughout the dozens of pages of exhibits Plaintiff appends to

his response, the Court can only identify "administrative decisions" being used in reference to staff discipline, which is unrelated to his claims. Even assuming Plaintiff had been told this, it clearly did not prevent him from filing grievances as to how Defendant Clark had conducted his investigation.

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Summary Judgment in Favor of Latoya Hughes (Doc. 84) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: August 24, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**